UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OMAR TOUQAN,**

    **Plaintiff,**

v.                                          Case No. 8:22-cv-2505-KKM-AAS

**CELL FIX, INC.,**

    **Defendant.**
_____/

## **ORDER**

Defendant Cell Fix, Inc. (Cell Fix) moves to compel Plaintiff Omar Touqan (Touqan) to answer interrogatories and produce documents. (Doc. 31). Cell Fix also requests a hearing. (Doc. 32). Touqan opposes Cell Fix's motion to compel. (Doc. 35).

**I.    BACKGROUND**

Touqan sued Cell Fix for alleged violations of the Fair Labor Standards Act (FLSA). (Doc. 1). Touqan alleges Cell Fix did not pay him overtime wages for the hours Touqan worked while employed by Cell Fix. (Doc. 1, ¶ 11). In his complaint, Touqan alleges he was paid via paychecks. (Doc. 1, ¶ 5). However, in response to Cell Fix's Interrogatory No. 3, Touqan stated he was paid in cash, not paychecks. (Doc. 31-1, p. 2).

1

Cell Fix served Touqan with Cell Fix's Second Request for Production and Second Set of Interrogatories, and Touqan responded. These requests and responses are at issue:

**Cell Fix's Second Request for Production No. 4.** All banking information for the period of your Employment with Cell Fix, including any PayPal, E-Bay, or other non-traditional forms of banking.

- **Touqan's Response:** Objection. The information sought by this request is not relevant to any party's claim or defense and is not proportional to the needs of this case. Defendant has admitted that it only paid Plaintiff in cash. Therefore, the production of Plaintiff's bank statements would not serve any purpose and would instead embarrass and harass Plaintiff.

**Cell Fix's Second Interrogatory No. 4.** Describe in detail all reasons why You were paid cash during your Employment, including whether that was at your request.

- **Touqan's Response**: Objection as this interrogatory calls for speculation. Plaintiff does not know why Defendant paid Plaintiff in cash. Notwithstanding the objection, but without waiving the same, Plaintiff asked that Defendant directly deposit Plaintiff's paycheck into his bank account but Defendant failed to do so.

**Cell Fix's Second Interrogatory No. 5**. Identify all bank accounts, including PayPal and E-Bay accounts, You held from February 2020 to December 2020.

- **Touqan's Response:** Objection: The information sought by this interrogatory is not relevant to any party's claims or defense and is not proportional to the needs of this case. This action is limited to unpaid overtime wages. Whether or not Plaintiff maintains a PayPal or E-Bay account has no relation to this action which is limited to unpaid overtime wages. Additionally, Defendant has admitted that it did not

>pay Plaintiff via bank deposit and instead paid Plaintiff in cash.

(Doc. 31, pp. 4–5).

## II.   ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Jacobi v. Experian Info. Sols.*, No. 20-cv-60591, 2020 WL 13389310, at *2 (S.D. Fla. Dec. 23, 2020). The Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Cell Fix's Second Request for Production No. 4 requests "[a]ll banking information for the period of your Employment with Cell Fix, including any PayPal, E-Bay, or other non-traditional forms of banking." (Doc. 31, p. 4). Similarly, Cell Fix's Second Interrogatory No. 5 requests that Touqan "[i]dentify all bank accounts, including PayPal and E-Bay accounts, [Touqan] held from February 2020 to December 2020." (*Id.*).

"A party's financial records are discoverable when the party puts its financial condition at issue, making the records relevant under Rule 26(b)(1)." *Craig v. Kropp*, No. 2:17-cv-180, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018); *Maddow v. Procter & Gamble Co.*, Inc., 107 F.3d 846, 853 (11th Cir. 1997) (affirming district court's order compelling production of tax records because they were "arguable relevant to the case" and declining to adopt a higher standard for discoverability of financial information); *Jacobi*, 2020 WL 13389310, at *2 (finding the financial information relevant and generally discoverable).

Cell Fix did not pay Touqan via E-Bay or PayPal so any information in those accounts is not relevant or proportional to the claims and defenses in this case. However, Touqan's bank account statements during the time of his employment with Cell Fix may contain relevant and proportional information about the cash payments made by Cell Fix to Touquan. Traditional banking records are relevant, and therefore discoverable, because Touqan put his financial condition at issue when he alleged Cell Fix had not paid him in compliance with the FLSA. Thus, in response to Cell Fix's Second Request for Production No. 4 and Second Interrogatory No. 5, Touqan must identify and produce "bank account statements from all bank accounts in which he made

cash payment deposits during his employment at Cell Fix from February 2020 to December 2020."[1]

Cell Fix's Second Interrogatory No. 4 requests Touqan to describe the reasons he was paid cash during his employment with Cell Fix. (Doc. 31, p. 4). In response, Touqan states he does not know why Cell Fix paid him in cash. (*Id.*). In addition, Touqan states he asked Cell Fix to directly deposit Touqan's paycheck into his bank account, but Cell Fix failed to do so. (*Id.*). Touqan's response is sufficient.

### III.   CONCLUSION

Accordingly, it is **ORDERED** that:

(1)   Cell Fix's Motion to Compel (Doc. 31) is **GRANTED in part and DENIED in part**:

(a)   Cell Fix's Motion to Compel Responses to its Request for Production No. 4 and Interrogatory No. 5 is granted as modified: Touqan must identify and produce account statement from all bank accounts in which he deposited his Cell Fix cash payments during his employment at Cell Fix

---

[1] Cell Fix only requests deposit information from the banking records and information on purchases or other expenses may be redacted. (*See* Doc. 31, p. 7, n. 4).

    from February 2020 to December 2020. Touqan must supplement these responses by **November 13, 2023**.[2]

  (b) Cell Fix's Motion to Compel Response Second Interrogatory No. 5 is denied.

  (c) Each party must pay their own attorney's fees and costs related to this motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

(2) Cell Fix's motion for a hearing (Doc. 32) is **DENIED**.

**ORDERED** in Tampa, Florida on November 6, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] The discovery deadline remains in effect and is only extended to provide this ordered discovery. (*See* Doc. 22).