UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OMAR TOUQAN,**

    **Plaintiff,**

v.                                                          Case No. 8:22-cv-2505-KKM-AAS

**CELL FIX, INC.,**

    **Defendant.**
_____/

**ORDER**

Plaintiff Omar Touqan (Touqan) moves to compel Defendant Cell Fix, Inc.'s (Cell Fix) banking records in response to Touqan's Second Request for Production of Document No. 16. (Doc. 37). Cell Fix opposes the motion. (Doc. 40).

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just

1

result." *Jacobi v. Experian Info. Sols.*, No. 20-cv-60591, 2020 WL 13389310, at *2 (S.D. Fla. Dec. 23, 2020).

Touqan sued Cell Fix asserting a single cause of action—Cell Fix violated the Fair Labor Standards Act (FLSA). (Doc. 1). Touqan alleges he was an employee of Cell Fix, who failed to pay him overtime wages. (*Id.*, ¶¶ 2, 3, 5, 6, 9, 10, 11, 13, 14, 16, 21, 25, and 34). On July 19, 2023, Touqan served its Second Request for Production of Documents. (Doc. 37-1). Request for Production No. 16 requests: "Any documents, text messages, emails, ledgers, or cancelled checks showing payment(s) made by [Cell Fix] to [Touqan] as compensation for hours worked by [Touqan]."[1] (Doc. 37-1, p. 2).

On September 8, 2023, Cell Fix responded:

> Objection: This request seeks documents that were either intentionally destroyed by Plaintiff or lost as a result of Plaintiff's unauthorized infiltration of Cell Fix's computers, systems, and networks. Further, Cell Fix objects to the extent that documents do not exist because Plaintiff insisted on being paid in cash because he did not have a banking account at the time allegedly as a result of immigration and legal issues. Notwithstanding the foregoing objections, all responsive documents have already been produced.

(Doc. 37-2, p. 2). Although Touqan requests "documents . . . showing payment(s) made by [Cell Fix] to [Touqan]" Cell Fix states no such "records"

---

[1] "Documents" is defined as: "writings or recording of every kind or character including, without limitation, all correspondence, contracts, agreements, letters, invoices, reports, records, memoranda, computer printouts, pamphlets, photographs, notes of meetings, including materials taped, filmed, or photographed and all other matters commonly considered to be documents." (Doc. 37-1, p. 1).

2

exist because Touqan was paid in cash.[2] (Doc. 40, p. 4). Discovery closed on November 3, 3023, the same day Touqan filed this motion to compel. (*See* Doc. 22). If Touqan wanted to request records of cash withdrawals specifically, he should have done so before the discovery deadline.

Accordingly, it is **ORDERED** that Touqan's motion to compel (Doc. 32) is **DENIED**.

**ORDERED** in Tampa, Florida on November 15, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] The court notes Cell Fix's recent argument that it did not employ Touqan. Instead, Touqan was employed by Phone Rescue, Inc. (*See* Doc. 40-1, ¶ 8). According to Cell Fix, there are no responsive banking records to Touqan's Second Request for Production of Documents No. 16 because Cell Fix did not employ or pay Touqan. (*See* Doc. 40, p. 4).

3